**In re Kurby DECKER.**

No. 06–06–00007–CV.

Court of Appeals of Texas, Texarkana.

Submitted March 7, 2006.

Decided March 8, 2006.

Kurby Decker, New Boston, pro se.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

On November 3, 2005, Kurby Decker, an inmate at the Barry Telford Unit, filed a civil rights action against various prison officials alleging their refusal to allow him access to medical treatment. The Bowie County district clerk's office confirmed the filing of Decker's petition, but informed him that the office would take no further action except by order of the district court.

Decker has filed with this Court a petition for writ of mandamus asking this Court to direct the trial court to order the district clerk to issue citation. In its response to Decker's petition, the trial court filed an order dismissing Decker's underlying action. Such dismissal before issuance

of citation is authorized on certain findings by the trial court. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a) (Vernon 2002).[1]

In light of the trial court's dismissal, we dismiss Decker's petition for writ of mandamus as moot.

1. Specifically, the trial court may dismiss the action before or after service of process, if the trial court determines that (1) the allegation of poverty in the affidavit or unsworn declaration is false; (2) the claim is frivolous or malicious; or (3) the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false. TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a).