IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 



No. 10-07-00084-CR

No. 10-07-00165-CV

No. 10-07-00166-CR

 

IN RE Carl
Long

 

 



Original Proceeding

 



MEMORANDUM  Opinion



 

            Before this Court are three separate
mandamus proceedings Carl Long has filed which relate to his conviction for
manufacturing a controlled substance and his efforts to have that conviction
set aside.  In cause number 10-07-00084-CR (denominated as an “appeal”), Long
complains of the district clerk’s refusal to file two pleadings, an application
for writ of attachment and a bill of review/motion to amend motion for new
trial, purportedly at the direction of Respondent, the Honorable John H.
Jackson, Judge of the 13th District Court of Navarro County.  In cause number
10-07-00165-CV, Long complains of Respondent’s determination that he is a
vexatious litigant under Chapter 11 of the Civil Practice and Remedies Code. 
And in cause number 10-07-00166-CR, Long seeks mandamus relief from this Court:
(1) compelling Respondent to furnish him a copy of attorney Amanda Doan’s
findings regarding her investigation of new evidence which he alleges would
entitle him to a new trial; (2) conducting oversight of Doan’s investigation;
and (3) granting “any other relief this Court sees appropriate.”  We will
dismiss all three proceedings.

            Long’s complaints in cause numbers
10-07-00084-CR and 10-07-00165-CV stem from an order signed by Respondent on
February 20, 2007, in which Respondent made a sua sponte finding that
Long is a vexatious litigant under Chapter 11 of the Civil Practice and
Remedies Code.  Thus, Respondent instructed the Navarro County District Clerk to
return a petition Long had tendered for filing.  See Tex. Civ. Prac. & Rem. Code Ann. §
11.101(a) (Vernon 2002) (court may enter order prohibiting a person found to be
a vexatious litigant from filing new litigation).  The district clerk
apparently acted pursuant to this order when she refused to accept the two
pleadings at issue in cause number 10-07-00084-CR.

            On the day after Long’s petition in
cause number 10-07-00084-CR was postmarked, this Court issued an opinion
reviewing the history of Long’s prosecution and post-conviction proceedings and
explaining the proper procedures to be pursued in further post-conviction
litigation.  See In re Long, No. 10-06-235-CV, 2007 WL 765284 (Tex.
App.—Waco Mar. 14, 2007, orig. proceeding) (mem. op.).  In response, Respondent
signed an order on March 19 which provides in pertinent part:

[T]he Court hereby vacates its previous order
which directs the Clerk to reject further requests for relief and lawsuits
filed or to be filed by Carl Long.  The Clerk shall accept such filings in the
future and such matters shall be docketed accordingly.

 

Carl Long is directed to resubmit such suits as he
deems proper.

 

            In light of this order, we dismiss
Long’s petitions in cause numbers 10-07-00084-CR and 10-07-00165-CV as moot.  See
In re Decker, 187 S.W.3d 838, 839 (Tex. App.—Texarkana 2006, orig.
proceeding); In re Keys, 109 S.W.3d 598, 599 (Tex. App.—Fort Worth 2003,
orig. proceeding) (per curiam).

            Long’s petition in cause number
10-07-00166-CR essentially asks this Court to become involved in a post-conviction
habeas matter.  Article 11.07, section 5 of the Code of Criminal Procedure
provides, “After conviction the procedure outlined in this Act shall be
exclusive and any other proceeding shall be void and of no force and effect in
discharging the prisoner.”    Tex. Code
Crim. Proc. Ann. art. 11.07, § 5 (Vernon 2005).  Thus, the Court of
Criminal Appeals and lower courts have recognized that “the exclusive
post-conviction remedy in final felony convictions in Texas courts is through a
writ of habeas corpus pursuant to [article] 11.07.”  Olivo v. State, 918
S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); Ex parte Mendenhall, 209
S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.).  Accordingly, we dismiss cause
number 10-07-00166-CR for want of jurisdiction.  See Mendenhall, 209
S.W.3d at 261.

PER CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

Petitions dismissed

Opinion delivered and
filed July 18, 2007

Do not publish

[OT06]






g on the motion to suppress, Officer Conoway testified Appellant was reluctant
to give his date of birth because "he had warrants out for his arrest," and that she replied, "We're
not worried about that now. We can work that out." After that, Appellant gave his consent to the
search. When Appellant's pocket contents revealed a marihuana cigarette, Officer Conoway
testified, "she decided at that time to arrest him but did not do so because she was there with him
by herself and didn't want to alarm him at that moment." She then asked Officer Walker, a male
officer, to complete the search which involved search of Appellant's underdrawers, which search
disclosed the cocaine.
      Appellant consented to the search, and the fact that thereafter, during the search, he was
unaware that the officer had decided to arrest him lends no support to his claim of involuntary
consent.
      Appellant further claims he was subtly coerced into consenting to the search when the officer
said, "We can work that out," when he told her he might have outstanding warrants. There is no
evidence that this statement by the officer coerced Appellant. Appellant did not testify or
otherwise offer evidence that it did so. There is no evidence which suggests that there was duress
or coercion in obtaining his consent to the search.
      Whether a consent to a search was in fact "voluntary," or was the product of duress or
coercion, express or implied, is a question of fact to be determined from the totality of the
circumstances. Paulis v. State, 633 S.W.2d 827, 850-51 (Tex. Crim. App. 1982) (on rehearing);
Meeks v. Sate, 692 S.W.2d 504, 510 (Tex. Crim. App. 1985).
      The trial court did not err in overruling Appellant's motion to suppress. Point one is
overruled.
      Point two: "The failure of the trial court to orally admonish Appellant as to the range of
punishment constituted reversible error."
      Appellant asserts he was not properly admonished before the court accepted his plea of guilty
because the record does not show any oral admonishment by the court. The record does show that
he was properly admonished in writing.
      Tex. Code Crim. Proc. 26.13(d) allows the required admonishments to be given either orally
or in writing. Appellant was fully admonished in writing and signed acknowledgment, along with
his attorney, that he had read the admonitions, understood them, was aware of the consequences
of his plea, and that his lawyer had explained to him all of the admonitions given by the court in
this document. Point two is overruled.
      In Cause No. 10-95-164-CR Appellant was convicted of possession of cocaine on July 26,
1994, after a plea of guilty. He was sentenced to 4 years in prison and assessed a fine of $750,
but was placed on probation for 4 years.
      After Appellant was convicted in Cause No. 10-95-163-CR for possession of cocaine on
March 22, 1995, the trial court called for trial, the State's motion to revoke Appellant's probation
in Cause No. 10-95-164-CR. Appellant pled "true" to violating the terms of his probation subject
to his motion to suppress in Cause No. 10-95-163-CR.
      The trial court revoked Appellant's probation and sentenced him to 4 years in prison and
assessed a $750 fine.
      Appellant appeals Cause No. 10-95-164-CR on four points of error.
      Point one: "The failure of the trial court to orally admonish Appellant as to the range of
punishment constituted reversible error."
      Appellant pled guilty to possession of cocaine on July 26, 1994, and was sentenced to 4 years,
probated, and assessed a fine. He asserts he was not properly admonished before the court
accepted his plea of guilty because the record does not show any oral admonishments by the court. 
The record does show that he was properly admonished in writing.
      Tex. Code Crim. Proc. 26.13(d) allows the required admonishments to be given either orally
or in writing. Appellant was fully admonished in writing and signed acknowledgment, along with
his attorney, that he had read the admonitions, understood them, was award of the consequences
of his plea, and that his lawyer had explained to him all of the admonitions given by the court in
this document. Point one is overruled.
      Point two: "The fruits of the search of Appellant's person must be suppressed because
Appellant did not freely and voluntarily consent to the search."
      Specifically, Appellant contends the consent to search Appellant in Cause No. 10-95-163-CR
was not voluntarily given, the search was illegal, the evidence seized was illegal, and that his
probation could not be revoked upon this evidence.
      Consent for the search was voluntarily given and we refer to our discussion under Appellant's
point one in Cause No. 10-95-163-CR. Point two is overruled.
      Point three: "The revocation of probation must be set aside because Appellant was laboring
under the false impression that the suppression issue could not be appealed."
      Point four: "Appellant was denied the right to effective assistance of counsel."
      In points three and four, Appellant claims that his plea of true was not voluntary because he
labored under the impression he could not appeal the trial court's ruling on his motion to suppress,
and that his attorney provided ineffective assistance by advising him to plead true when he could
not appeal the trial court's ruling on the motion to suppress.
      Appellant did appeal the trial court's ruling on the motion to suppress, albeit unsuccessfully,
in his appeal in Cause No. 10-95-163-CR. Points three and four are without merit and are
overruled.
      The judgments in both cases are affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed August 30, 1996
Do not publish