### Ex parte Craig E. MENDENHALL.

### No. 10-05-00410-CR.

Court of Appeals of Texas,
Waco.

Nov. 1, 2006.

Craig E. Mendenhall, New Boston, pro se.

Robert W. Gage, County & Dist. Atty. for Freestone County, Fairfield, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

### OPINION

FELIPE REYNA, Justice.

Craig E. Mendenhall appeals from the trial court's denial of his application for a writ of audita querela, by which he seeks the vacatur of his felony conviction for assaulting a public servant. However, because a habeas application under article 11.07 of the Code of Criminal Procedure is the exclusive procedure for setting aside a felony conviction in a collateral proceeding, we will dismiss the appeal for want of jurisdiction.

Six years ago, this Court affirmed Mendenhall's conviction for assaulting a deputy in a courtroom during the midst of a divorce proceeding. *See Mendenhall v. State*, 15 S.W.3d 560, 563 (Tex.App.-Waco 2000), *aff'd*, 77 S.W.3d 815 (Tex.Crim.App. 2002). According to Mendenhall's writ application, he has filed a number of collateral proceedings in state and federal court since his conviction was affirmed by the Court of Criminal Appeals.

Mendenhall filed his Application for Common Law Writ of Audita Querela [1]

1. The writ of audita querela has been defined as a "writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses." BLACK'S LAW DICTIONARY 141 (8th ed.2004). Thus, it has its origin in civil

with the trial court in October 2005. The application raises three grounds for relief: (1) the judgment of affirmance by the Court of Criminal Appeals violates the separation of powers provisions of the Texas Constitution; (2) he was denied due course of law under the Texas Constitution because of charge error; and (3) he was denied due process under the federal constitution because of this same charge error. The trial court denied Mendenhall's application without addressing the merits.

Article 11.07, section 5 of the Code of Criminal Procedure provides, "After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner." TEX.CODE CRIM. PROC. ANN. art. 11.07, § 5 (Vernon 2005). Thus, the Court of Criminal Appeals and lower courts have recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [article] 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n. 8 (Tex.Crim.App.1996); *accord In re Harrison*, 187 S.W.3d 199, 200 (Tex.App.-Texarkana 2006, orig. proceeding); *McBride v. State*, 114 S.W.3d 556, 557 (Tex.App.-Austin 2002, no pet.); *Maye v. State*, 966 S.W.2d 140, 143 (Tex.App.-Houston [14th Dist.] 1998, no pet.).

Mendenhall seeks by writ of audita querela to have his felony conviction set aside. However, an article 11.07 writ of habeas corpus is the exclusive means to accomplish this objective in a collateral proceeding. Although such an application must be filed with the trial court, the writ, which issues by operation of law, "must be made returnable to the Court of Criminal Appeals." TEX.CODE CRIM. PROC. ANN. art. 11.07, § 3 (Vernon 2005). Therefore, this Court does not have jurisdiction to entertain a post-conviction felony habeas application or the purported appeal of a trial court's ruling on such an application. *See In re Reyes*, 195 S.W.3d 127, 127–28 (Tex. App.-Waco 2005, orig. proceeding); *Maye*, 966 S.W.2d at 143; *see also McBride*, 114 S.W.3d at 557.

Because an article 11.07 habeas is the exclusive means to set aside a prior felony conviction in a collateral proceeding, the writ of audita querela is not available in Texas to accomplish this purpose. *See McBride*, 114 S.W.3d at 557; *see also Ex parte McCune*, 156 Tex.Crim. 213, 246 S.W.2d 171, 172 (1952) (writ of coram nobis not available in Texas as post-conviction remedy); *Reyes*, 195 S.W.3d at 127 (same).

Accordingly, we dismiss the appeal for want of jurisdiction.

proceedings. The availability of this writ as a post-conviction remedy has been viewed with deep skepticism in both federal and state courts. *See, e.g., United States v. Holt*, 417 F.3d 1172, 1174–75 (11th Cir.2005) (per curiam); *Doe v. INS*, 120 F.3d 200, 202–04 (9th Cir.1997); *United States v. Banda*, 1 F.3d 354, 356 (5th Cir.1993); *Miles v. State*, 141 Md. App. 381, 785 A.2d 841, 855–56 (2001); *McBride v. State*, 114 S.W.3d 556, 557 (Tex. App.-Austin 2002, no pet.); *accord Lyon v. State*, No. 06–05–00142–CV, 2006 WL 397944, at *1 (Tex.App.-Texarkana Feb. 22, 2006, pet. ref'd) (not designated for publication); *but see State v. Vasquez*, 889 S.W.2d 588, 591 (Tex.App.-Houston [14th Dist.] 1994, no pet.) ("Relief by *audita querela* is not available unless the petition raises a new defense to the prior criminal conviction based in law, not equity.").