IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-07-00352-CR

 

In re
Hubert Warren

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

Relator Hubert Warren has filed a petition for
writ of mandamus that seeks post-conviction habeas corpus relief on the ground
that he was prosecuted under an unconstitutional statute.

An intermediate court of appeals has no
jurisdiction over post-conviction writs of habeas corpus in felony cases.  See
Ex parte Martinez, 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig.
proceeding) (citing Tex. Code Crim.
Proc. Ann. art. 11.07(3)(a), (b) (Vernon 2005)); Self v.
State, 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.) (same). 
The Court of Criminal Appeals and lower courts have recognized that “the
exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [article] 11.07.”  Olivo v.
State, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); see Ex parte
Mendenhall, 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.).

Because we have no jurisdiction over what is in
effect a post-conviction habeas corpus proceeding, we dismiss the petition for
writ of mandamus.

 

PER CURIAM

 

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray notes:  I would deny Warren’s petition for writ of mandamus because he has an adequate legal remedy—an 11.07
writ of habeas corpus.)

Petition
dismissed

Opinion
delivered and filed December 5, 2007

[OT06]