IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-07-00397-CR

 

In re
Mike Gutierrez Bruno

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

Relator Mike Gutierrez Bruno has filed a petition
for writ of mandamus that in essence seeks post-conviction habeas corpus relief
on the ground that he was prosecuted for possession of a controlled substance (in
a penal institution) under the wrong statute (i.e., the general statute
criminalizing possession of a controlled substance, rather than the specific
statute criminalizing possession of a controlled substance in a penal
institution).  Bruno’s petition avers that he pled guilty and did not appeal
his guilty plea conviction.

Bruno asserts that due process and due course of
law required the State to prosecute him under the special statute and that the
convicting trial court lacked subject matter jurisdiction over the prosecution
under the general statute.  Bruno claims that, as a result, his guilty plea
conviction is void and the State and the trial court abused their discretion
and acted without authority in prosecuting him under the general statute. 
Bruno seeks mandamus relief in the form of having his guilty plea conviction
vacated because of its alleged voidness.

Finally, Bruno avers that he brought this claim in
a habeas corpus proceeding that was dismissed as an “abuse of writ” by the
Court of Criminal Appeals in 2005.

An intermediate court of appeals has no
jurisdiction over post-conviction writs of habeas corpus in felony cases.  See
Ex parte Martinez, 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig.
proceeding) (citing Tex. Code Crim.
Proc. Ann. art. 11.07(3)(a), (b) (Vernon 2005)); Self v.
State, 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.).  The
Court of Criminal Appeals and lower courts have recognized that “the exclusive
post-conviction remedy in final felony convictions in Texas courts is through a
writ of habeas corpus pursuant to [article] 11.07.”  Olivo v. State, 918
S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); see Ex parte Mendenhall, 209
S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.).

Because we have no jurisdiction over what is in
effect a post-conviction habeas corpus proceeding, we dismiss Bruno’s petition
for writ of mandamus.

 

PER CURIAM

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Petition
dismissed

Opinion
delivered and filed January 23, 2008

Do
not publish

[OT06]








 






ight:200%'>Further, I note that the only source of any
evidence that any part of the purchase price was paid by Flournoy came from his
deposition testimony.  On this record, it is not hard to conclude that the jury
could have chosen to disbelieve this testimony.  Because the jury could have
easily disregarded this testimony, there is no basis upon which to limit the
extent of the property upon which the constructive trust was imposed.  The only
jury finding on this claim was that funds belonging to the ward had been used
for acquisition of the farm.  Flournoy failed to secure a jury finding to
establish what part, if any, of his funds could be traced to the purchase of
the farm.  It is improper for the majority to make that factual determination
on appeal based on evidence the jury could have disbelieved.  I would hold that
the trial court properly imposed a constructive trust on the entire farm.

Thus, I concur in the judgment that a
constructive trust is properly imposed on the farm, but dissent to the judgment
to the extent it limits that constructive trust to a 35% undivided interest.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Concurring
and dissenting opinion delivered and filed on July 19, 2006