

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-10-00035-CR

## IN RE LORENZA LEON BLAYLOCK, JR.

_____

## Original Proceeding

_____

## MEMORANDUM OPINION

_____

Lorenza Leon Blaylock, Jr. a Texas inmate, seeks a writ of mandamus compelling

the judge[1] of the 87th District Court of Freestone County, to vacate his judgment of

conviction on grounds that the District Attorney had neither taken nor filed his oaths of

office; thus, Blaylock maintains that the judgment is void. *See* TEX. CONST. ART. V, § 21;

*see also* TEX. CONST. ART. XVI, § 1. We dismiss the petition for want of jurisdiction.[2]

---

[1] Blaylock names the Honorable Horace Dickson Black, Jr. as judge of the 87th Judicial District Court of Freestone County. Judge Black presided over Blaylock's trial, but retired from the 77th Judicial District Court of Freestone and Limestone Counties. The Honorable Deborah Oakes Evans is the current elected judge of the 87th Judicial District Court.

[2] Blaylock's appendix does not comply with Rules of Appellate Procedure 52.3 and 52.7. *See* TEX. R. APP. P. 52.3(k)(1); *see also* TEX. R. APP. P. 52.7. Nevertheless, we will apply Rule of Appellate Procedure 2 and disregard this deficiency. *See* TEX. R. APP. P. 2.

A writ of habeas corpus is the "exclusive post-conviction remedy in final felony convictions." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *Ex parte Mendenhall*, 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, orig. proceeding); TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2009). Appellate courts lack jurisdiction over such writs. *See Mendenhall*, 209 S.W.3d at 261; *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07(3)(a), (b); TEX. CODE CRIM. PROC. ANN. art. 11.05 (Vernon 2005). Although such an application must be filed with the trial court, the writ, which issues by operation of law, "must be made returnable to the Court of Criminal Appeals." *Mendenhall*, 209 S.W.3d at 261 (quoting TEX. CODE CRIM. PROC. ANN. art. 11.07(3)).

Blaylock's petition for writ of mandamus essentially seeks habeas corpus relief. *See Mendenhall*, 209 S.W.3d at 261; *see also In re Bruno*, No. 10-07-00397-CR, 2008 Tex. App. LEXIS 506, at *1-2 (Tex. App.—Waco Jan. 23, 2008, orig. proceeding) (not designated for publication). Because we lack jurisdiction to grant such relief, we dismiss Blaylock's petition for writ of mandamus and all pending motions in this proceeding for want of jurisdiction. *See Mendenhall*, 209 S.W.3d at 261; *see also Bruno*, 2008 Tex. App. LEXIS 506, at *1-2.

FELIPE REYNA
Justice

Before Chief Justice Gray
    Justice Reyna, and
    Justice Davis
Writ dismissed
Opinion delivered and filed March 3, 2010
[OT06]