NO. 07-10-0473-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



MAY
3, 2011

 



 

GREGORY THOMAS DICKERSON,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

___________________________

 

FROM THE 364TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 91-412,276; HONORABLE BRADLEY S.
UNDERWOOD, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Gregory
Thomas Dickerson appeals, pro se, from
an order of the trial court denying his motion to set aside and vacate what he
considers to be a void 1991 judgment convicting him of aggravated sexual
assault.[1]  We modify it and affirm.

            Only the
Court of Criminal Appeals has jurisdiction to grant relief from a final felony
conviction imposing a penalty other than death, and one seeking such relief
must do so per art. 11.07 of the Code of Criminal Procedure.  Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2010);[2]
Ater v. Eighth Court of Appeals, 802
S.W.2d 241, 243 (Tex. Crim. App. 1991) (stating that the Court of Criminal
Appeals is the only court with jurisdiction in final post-conviction felony
proceedings); Ex parte Mendenhall, 209
S.W.3d 260, 261 (Tex. App.–Waco 2006, no pet.) (stating that the exclusive
post-conviction remedy in a final felony conviction is through a writ of habeas
corpus pursuant to art. 11.07).  Thus,
the trial court had no jurisdiction to entertain appellant’s motion to set aside
or vacate his 1991 final felony conviction. 
   

            Accordingly,
we modify the trial court’s order to reflect that the motion was dismissed for
want of jurisdiction and affirm it as modified. 
 

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

Do not publish.











[1]Appellant
appealed that judgment alleging he received ineffective assistance of
counsel.  That judgment was affirmed by
this court on August 26, 1992.  





[2]Although
the application for writ of habeas corpus is filed in the trial court, it is
made returnable to the Court of Criminal Appeals.  Tex. Code  Crim. Proc. Ann.
art. 11.07 §3(b) (Vernon Supp. 2010).