NO. 07-10-0473-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
MAY 3, 2011
--------------------------------------------------------------------------------

 
 GREGORY THOMAS DICKERSON, 
 
 Appellant 
 v.
 
 THE STATE OF TEXAS, 
 
 Appellee
 ___________________________
 
 FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;
 
 NO. 91-412,276; HONORABLE BRADLEY S. UNDERWOOD, PRESIDING

--------------------------------------------------------------------------------

--------------------------------------------------------------------------------
Memorandum Opinion
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Gregory Thomas Dickerson appeals, pro se, from an order of the trial court denying his motion to set aside and vacate what he considers to be a void 1991 judgment convicting him of aggravated sexual assault. We modify it and affirm.
 Only the Court of Criminal Appeals has jurisdiction to grant relief from a final felony conviction imposing a penalty other than death, and one seeking such relief must do so per art. 11.07 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2010); Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (stating that the Court of Criminal Appeals is the only court with jurisdiction in final post-conviction felony proceedings); Ex parte Mendenhall, 209 S.W.3d 260, 261 (Tex. App. - Waco 2006, no pet.) (stating that the exclusive post-conviction remedy in a final felony conviction is through a writ of habeas corpus pursuant to art. 11.07). Thus, the trial court had no jurisdiction to entertain appellant's motion to set aside or vacate his 1991 final felony conviction. 
 Accordingly, we modify the trial court's order to reflect that the motion was dismissed for want of jurisdiction and affirm it as modified. 

 Brian Quinn 
 Chief Justice
Do not publish.