

NUMBERS 13-11-00535-CR, 13-11-00536-CR,
13-11-00537-CR, & 13-11-00538-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

### IN RE JASON MIEARS

---

### On Original Proceeding.

---

### MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion by Justice Vela[1]

Relator, Jason Miears, proceeding pro se, filed a petition for writ of audita querela in the above causes on July 17, 2011. We dismiss the petition, and all relief sought therein, for lack of jurisdiction.[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

## I. BACKGROUND

According to the allegations in the petition, relator pleaded no contest in a plea agreement to the felony offenses of murder, aggravated robbery, and aggravated assault with a deadly weapon in trial court cause numbers 2009-CR-6566, 2009-CR-6567, 2009-CR-6568, and 2009-CR-6569 in the 379th District Court of Bexar County. Relator requests that we "issue an order of estoppel" and stay all appellate proceedings in order to prevent the San Antonio Court of Appeals from "deciding the aforementioned cases." Relator asks that we conduct an independent review of the plea agreement and that we exercise "appellate jurisdiction as if petitioner had been convicted in Nueces County."

## II. REQUIREMENTS FOR EXTRAORDINARY RELIEF

The traditional test for determining whether extraordinary relief is appropriate requires the relator to establish that he has no adequate remedy at law to redress his alleged harm, and that the act he seeks to compel or prohibit does not involve a discretionary or judicial decision. *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009) (orig. proceeding). If the relator fails to satisfy either aspect of this two-part test, then relief should be denied. *See id.*

It is the relator's burden to properly request and show entitlement to extraordinary relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must

---

[2] The Austin, Dallas, and Amarillo Courts of Appeals have likewise dismissed or denied petitions for writ of audita querela filed by the relator. *See In re Miears*, No. 03-11-00463-CV, 2011 Tex. App. LEXIS 6136, at *1 (Tex. App.—Austin Aug 4, 2011, orig. proceeding) (mem. op.) (denying petition); *In re Miears*, No. 05-11-00931-CV, 2011 Tex. App. LEXIS 5878, at *1 (Tex. App.—Dallas July 29, 2011, orig. proceeding) (mem. op.) (dismissing petition); *In re Miears,* No. 07-11-00295-CR, 2011 Tex. App. LEXIS 5721, at **1–3 (Tex. App.—Amarillo July 26, 2011, orig. proceeding) (mem. op., not designated for publication) (dismissing petition).

show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that the relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *See* TEX. R. APP. P. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

Relator's petition for writ of audita querela fails to meet the foregoing requirements, and thus relator has failed to meet his burden to show his entitlement to extraordinary relief. *See generally* TEX. R. APP. P. 52.3, 52.7*; Simon*, 306 S.W.3d at 320.

## III. JURISDICTION

Our writ power is governed by section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004). Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to: (1) writs issued against a "judge of a district court or county court in the court of appeals district" or a "judge of a district court who is acting as a magistrate at a court of inquiry," and (2) "all other writs necessary to enforce the jurisdiction of the court." *See id.* Relator has not established that we have the jurisdiction to issue the requested relief against either the Bexar County District Court or the San Antonio Court of Appeals. *See id.*

3

## IV. WRIT OF AUDITA QUERELA

The common law writ of audita querela permitted a defendant to obtain relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment:

> The writ of audita querela is a common law writ dating from the reign of Edward III that constitutes the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on the ground that some defense or discharge has arisen since its rendition that could not be taken advantage of otherwise. Audita querela is distinguished from coram nobis in that coram nobis attacks the judgment itself, whereas audita querela is directed against the enforcement, or further enforcement, of a judgment which, when rendered, was just and unimpeachable. In other words, a writ of coram nobis attacks a judgment that was infirm at the time it was rendered for reasons that later came to light, while a writ of audita querela is used to challenge a judgment that was correct at the time it was rendered but which is made infirm by matters that arose after its rendition.

*United States v. Miller*, 599 F.3d 484, 487 (5th Cir. Tex. 2010) (internal citations omitted); *see State v. Vasquez*, 889 S.W.2d 588, 591 (Tex. App.—Houston [14th Dist.] 1994, no pet.). The availability of this writ as a post-conviction remedy in federal courts is subject to question. *See Miller*, 599 F.3d at 487.

The writ of audita querela is not an available remedy for purposes of collaterally attacking a final felony conviction in Texas. *See Ex parte Mendenhall*, 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.); *McBride v. State*, 114 S.W.3d 556, 557 (Tex. App.—Austin 2002, no pet.); *see also In re Layton*, No. 07-09-0075-CV, 2009 Tex. App. LEXIS 2265, at *5 (Tex. App.—Amarillo Apr. 3, 2009, orig. proceeding) (mem. op.); *Decker v. State*, No. 2-06-230-CR, 2006 Tex. App. LEXIS 7071, at **2–3 (Tex. App.—Fort Worth Aug. 10, 2006, no pet.) (per curiam) (mem. op., not designated for publication); *Lyon v. State*, No. 06-05-00142-CR, 2006 Tex. App. LEXIS 1394, at **2–3

4

(Tex. App.—Texarkana 2006, no pet.) (mem. op.); *Thomas v. State*, No. 12-03-00426-CV, 2004 Tex. App. LEXIS 4621, at **2–3 (Tex. App.—Tyler 2004, pet. ref'd) (mem. op.). The habeas corpus procedure set out in article 11.07 of the Code of Criminal Procedure provides the exclusive remedy for felony post-conviction relief in state court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 5 (West Supp. 2010); *Ex parte Brown*, 662 S.W.2d 3, 4 (Tex. Crim. App. 1983) (per curiam). Relator's claim for relief is not cognizable by petition for writ of audita querela.

## V. CONCLUSION

The Court, having examined and fully considered the petition for writ of audita querela and the applicable law, is of the opinion that we lack jurisdiction over these matters. Accordingly, relator's petition for writ of audita querela in each of these causes is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 52.8(a). Relator's requests for ancillary or additional relief are likewise dismissed for want of jurisdiction.


JUSTICE ROSE VELA

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
23rd day of August, 2011.