COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 JAMES SCOTT,
  
                                    
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                                     Appellee.
 
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-11-00204-CR
  
                          Appeal from
  
  120th District Court
  
 of El Paso County,
 Texas
  
 (TC # 81692-120-7)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


                                                                  O
P I N I O N

 

Appellant,
James Scott, seeks to appeal an order denying his application for writ of audita querela.  Pending before the Court is the State’s
motion to dismiss this appeal for want of jurisdiction.  

In
1996, a jury convicted Appellant, James Scott, of aggravated robbery.  The jury found both enhancement paragraphs
true and assessed Appellant’s punishment at imprisonment for a term of
seventy-five years.  This Court affirmed
Appellant’s conviction in 1997.  See Scott v. State, No. 08-96-00357-CR
(Tex.App.--El Paso, September 18, 1997, no pet.).  Appellant has since filed six applications
for post-conviction writ of habeas corpus pursuant to Article 11.07 of the Code
of Criminal Procedure.  On May 11, 2011,
Appellant filed an application for writ of audita
querela in which he challenged his sentence by alleging that one of the
convictions used for enhancement had been expunged.  The State filed a written response alleging
that the trial court lacked jurisdiction because Article 11.07 provides the
exclusive remedy for a defendant attempting to challenge a final felony
conviction.  The trial court agreed with
the State and dismissed Appellant’s writ application.  Appellant timely filed notice of appeal.  

Appellant
seeks by common law writ of audita
querela to have his felony conviction set aside, or alternatively, to
obtain a new sentencing hearing.[1]
 A writ of habeas corpus brought pursuant
to Article 11.07 of the Code of Criminal Procedure is the exclusive procedure
available to an applicant seeking relief from a felony judgment imposing a penalty
other than death.  See Tex.Code Crim.Proc.Ann.
art. 11.07(1)(West Supp. 2011).  It
specifically provides that:  “After
conviction the procedure outlined in this Act shall be exclusive and any other
proceeding shall be void and of no force and effect in discharging the
prisoner.”  Tex.Code Crim.Proc.Ann. art. 11.07(5).  Further, the writ is returnable to the Court
of Criminal Appeals.  Tex.Code Crim. Proc. Ann. art.
11.07(3)(a).  Therefore, this Court does
not have jurisdiction to entertain a post-conviction felony habeas application
or the purported appeal of a trial court’s ruling on such an application.  See
Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991)(orig.
proceeding); Ex parte Mendenhall, 209
S.W.3d at 261.  We grant the State’s
motion and dismiss the appeal for want of jurisdiction.

 

February 1, 2012                                 ________________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)











[1]  Black’s Law Dictionary defines audita querela as a “writ available to a
judgment debtor who seeks a rehearing of a matter on grounds of newly
discovered evidence or newly existing legal defenses.”  Black’s
law dictionary 150 (9th ed. 2009). 
Thus, the writ has its roots in civil proceedings.  Ex
parte Mendenhall, 209 S.W.3d 260, 260 n.1 (Tex.App.--Waco 2006, no
pet.).  The availability of this writ as
a post-conviction remedy has been viewed with deep skepticism in both federal
and state courts.  Id.