COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| JAMES SCOTT, | § | No. 08-11-00204-CR |
| Appellant, | § | Appeal from |
| v. | § | 120th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC # 81692-120-7) |

**O P I N I O N**

Appellant, James Scott, seeks to appeal an order denying his application for writ of *audita querela*. Pending before the Court is the State's motion to dismiss this appeal for want of jurisdiction.

In 1996, a jury convicted Appellant, James Scott, of aggravated robbery. The jury found both enhancement paragraphs true and assessed Appellant's punishment at imprisonment for a term of seventy-five years. This Court affirmed Appellant's conviction in 1997. *See Scott v. State*, No. 08-96-00357-CR (Tex.App.--El Paso, September 18, 1997, no pet.). Appellant has since filed six applications for post-conviction writ of habeas corpus pursuant to Article 11.07 of the Code of Criminal Procedure. On May 11, 2011, Appellant filed an application for writ of *audita querela* in which he challenged his sentence by alleging that one of the convictions used for enhancement had been expunged. The State filed a written response alleging that the trial court lacked jurisdiction because Article 11.07 provides the exclusive remedy for a defendant attempting to challenge a final felony conviction. The trial court agreed with the State and dismissed Appellant's writ application. Appellant timely filed notice of appeal.

Appellant seeks by common law writ of *audita querela* to have his felony conviction set aside, or alternatively, to obtain a new sentencing hearing.[1]  A writ of habeas corpus brought pursuant to Article 11.07 of the Code of Criminal Procedure is the exclusive procedure available to an applicant seeking relief from a felony judgment imposing a penalty other than death.  *See* TEX.CODE CRIM.PROC.ANN. art. 11.07(1)(West Supp. 2011).  It specifically provides that: "After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner."  TEX.CODE CRIM.PROC.ANN. art. 11.07(5).  Further, the writ is returnable to the Court of Criminal Appeals.  TEX.CODE CRIM. PROC. ANN. art. 11.07(3)(a).  Therefore, this Court does not have jurisdiction to entertain a post-conviction felony habeas application or the purported appeal of a trial court's ruling on such an application.  *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991)(orig. proceeding); *Ex parte Mendenhall*, 209 S.W.3d at 261. We grant the State's motion and dismiss the appeal for want of jurisdiction.

February 1, 2012

_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)

---

[1]  Black's Law Dictionary defines *audita querela* as a "writ available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses."  BLACK'S LAW DICTIONARY 150 (9th ed. 2009).  Thus, the writ has its roots in civil proceedings.  *Ex parte Mendenhall*, 209 S.W.3d 260, 260 n.1 (Tex.App.--Waco 2006, no pet.).  The availability of this writ as a post-conviction remedy has been viewed with deep skepticism in both federal and state courts.  *Id.*