COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
  
  
 EX PARTE:
  
 ANIBAL ROSERO VILLEGAS
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-12-00171-CR
  
                          Appeal from
  
 243rd District
 Court
  
 of El Paso County,
 Texas
  
 (TC # 900D04452)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


 

                                                     MEMORANDUM
OPINION

 

Anibal Rosero Villegas is attempting to appeal an order denying
Villegas’s application for writ of habeas corpus.  We dismiss the appeal for want of
jurisdiction.

FACTUAL SUMMARY

In
2004, Villegas waived his right to a jury trial and entered a negotiated plea
of guilty to the offense of murder.[1]  In exchange for Villegas’s plea of guilty,
the State recommended that he be sentenced to imprisonment for a term of sixteen
years.  The record also reflects that the
State agreed to “abandon” the deadly weapon finding.  The trial court followed the plea bargain and
assessed Villegas’s punishment at imprisonment for a term of sixteen years.  Further, the trial court did not include a
deadly weapon finding in the judgment.  

On
November 7, 2011, Villegas filed a pleading entitled “Post Conviction
Application for a Writ of Habeas Corpus under Article 5, Section 8, of the
Texas Constitution” alleging that the State agreed to abandon the deadly weapon
finding and the “3G” offense as part of the plea bargain.  See
Tex.Code Crim.Proc.Ann. art.
42.12 § 3g(a)(1)(A)(West Supp. 2012)(the provisions of Article 42.12 § 3 do not
apply to a defendant adjudged guilty of an offense under Section 19.02 of the
Texas Penal Code).  Villegas sought to
enforce the plea bargain he alleges existed between him and the State, and if
it cannot be enforced, he requested that the parties be returned “to the time
of the plea agreement.”  The trial court
construed Villegas’s habeas application as a request to correct the judgment
rather than as a habeas application and denied the requested relief.  Villegas appealed.

JURISDICTION

Although
Villegas expressly sought to invoke the trial court’s habeas corpus
jurisdiction under Article 5, Section 8 of the Texas Constitution, a writ of
habeas corpus brought pursuant to Article 11.07 of the Code of Criminal
Procedure is the exclusive procedure available to an applicant seeking relief
from a felony judgment imposing a penalty other than death.  See Tex.Code Crim.Proc.Ann. art.
11.07(1)(West Supp. 2012).  Article 11.07
specifically provides that:  “After
conviction the procedure outlined in this Act shall be exclusive and any other
proceeding shall be void and of no force and effect in discharging the
prisoner.”  Tex.Code Crim.Proc.Ann. art. 11.07(5).  Further, the writ is returnable to the Court
of Criminal Appeals.  Tex.Code Crim.Proc.Ann. art. 11.07(3)(a).
 Therefore, this Court does not have
jurisdiction to entertain a post-conviction felony habeas application or the
purported appeal of a trial court’s ruling on such an application.  See Ater
v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991)(orig.
proceeding); Ex parte Mendenhall, 209
S.W.3d 260, 261 (Tex.App.--Waco 2006, no pet.).  We dismiss the appeal for want of
jurisdiction.

 

November 14, 2012                            _______________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)











[1]  The indictment, filed on June 25, 1992,
alleged that Villegas shot Enrique Santamaria with a firearm on or about
October 13, 1989.  It appears that
Appellant was not arrested until 2002.