COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | No. 08-12-00171-CR |
| | § | |
| EX PARTE: | § | Appeal from |
| | § | |
| ANIBAL ROSERO VILLEGAS | § | 243rd District Court |
| | § | of El Paso County, Texas |
| | § | (TC # 900D04452) |

**MEMORANDUM OPINION**

Anibal Rosero Villegas is attempting to appeal an order denying Villegas's application for writ of habeas corpus. We dismiss the appeal for want of jurisdiction.

**FACTUAL SUMMARY**

In 2004, Villegas waived his right to a jury trial and entered a negotiated plea of guilty to the offense of murder.[1] In exchange for Villegas's plea of guilty, the State recommended that he be sentenced to imprisonment for a term of sixteen years. The record also reflects that the State agreed to "abandon" the deadly weapon finding. The trial court followed the plea bargain and assessed Villegas's punishment at imprisonment for a term of sixteen years. Further, the trial court did not include a deadly weapon finding in the judgment.

On November 7, 2011, Villegas filed a pleading entitled "Post Conviction Application for a Writ of Habeas Corpus under Article 5, Section 8, of the Texas Constitution" alleging that the State agreed to abandon the deadly weapon finding and the "3G" offense as part of the plea bargain. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12 § 3g(a)(1)(A)(West Supp. 2012)(the

---

[1] The indictment, filed on June 25, 1992, alleged that Villegas shot Enrique Santamaria with a firearm on or about October 13, 1989. It appears that Appellant was not arrested until 2002.

provisions of Article 42.12 § 3 do not apply to a defendant adjudged guilty of an offense under Section 19.02 of the Texas Penal Code). Villegas sought to enforce the plea bargain he alleges existed between him and the State, and if it cannot be enforced, he requested that the parties be returned "to the time of the plea agreement." The trial court construed Villegas's habeas application as a request to correct the judgment rather than as a habeas application and denied the requested relief. Villegas appealed.

### JURISDICTION

Although Villegas expressly sought to invoke the trial court's habeas corpus jurisdiction under Article 5, Section 8 of the Texas Constitution, a writ of habeas corpus brought pursuant to Article 11.07 of the Code of Criminal Procedure is the exclusive procedure available to an applicant seeking relief from a felony judgment imposing a penalty other than death. *See* TEX.CODE CRIM.PROC.ANN. art. 11.07(1)(West Supp. 2012). Article 11.07 specifically provides that: "After conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner." TEX.CODE CRIM.PROC.ANN. art. 11.07(5). Further, the writ is returnable to the Court of Criminal Appeals. TEX.CODE CRIM.PROC.ANN. art. 11.07(3)(a). Therefore, this Court does not have jurisdiction to entertain a post-conviction felony habeas application or the purported appeal of a trial court's ruling on such an application. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991)(orig. proceeding); *Ex parte Mendenhall*, 209 S.W.3d 260, 261 (Tex.App.--Waco 2006, no pet.). We dismiss the appeal for want of jurisdiction.

November 14, 2012

_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

- 2 -

(Do Not Publish)