COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
  
  
  
  
 EX PARTE:  ANGEL
 ROMERO
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-12-00190-CR
  
                          Appeal from
  
 384th District Court
  
 of El Paso County,
 Texas
  
 (TC # 20100D01732)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


                                                     MEMORANDUM
OPINION

 

Angel Romero is attempting to appeal an order denying his application for
writ of habeas corpus.  We dismiss the
appeal for want of jurisdiction.

FACTUAL SUMMARY

In
2010, Romero waived his right to a jury trial and entered a negotiated plea of
guilty to the offense of aggravated kidnapping (Count I), sexual assault (Count
II), aggravated assault w/deadly weapon (Count IV), assault family/household
member impede breath/circulation (Count V), assault family/household member
w/previous conviction (Count VI).  In
exchange for Romero’s plea of guilty, the State recommended that he be
sentenced to imprisonment for a term of twenty years on each count.  The trial court followed the plea bargain.  On April 9, 2012, Romero filed a writ of
habeas corpus pursuant to Article 11.07 of the Code of Criminal Procedure.  On May 30, 2012, the Court of Criminal
Appeals denied the writ application. 
Romero filed notice of appeal.  

JURISDICTION

A
writ of habeas corpus brought pursuant to Article 11.07 of the Code of Criminal
Procedure is the exclusive procedure available to an applicant seeking relief
from a felony judgment imposing a penalty other than death.  See Tex.Code Crim.Proc.Ann. art. 11.07(1) (West
Supp. 2012).  Article 11.07 specifically
provides that: “After conviction the procedure outlined in this Act shall be
exclusive and any other proceeding shall be void and of no force and effect in
discharging the prisoner.”  Tex.Code Crim.Proc.Ann. art. 11.07(5).  Further, the writ is returnable to the Court
of Criminal Appeals.  Tex.Code Crim.Proc.Ann. art.
11.07(3)(a).  This Court does not have
jurisdiction to entertain a post-conviction felony habeas application or the
purported appeal of a trial court’s ruling on such an application.  See Ater
v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex.Crim.App.1991)(orig. proceeding);
Ex parte Mendenhall, , 209 S.W.3d
260, 261 (Tex.App.--Waco 2006, no pet.).  We dismiss the appeal for want of jurisdiction.

 

November 14, 2012                            _______________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)