

# IN THE
# TENTH COURT OF APPEALS

No. 10-14-00213-CR

## EX PARTE TERRY LEE NELSON

## Original Proceeding

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. 32,660-CR

## MEMORANDUM  OPINION

Terry Lee Nelson has filed a "motion for the reinstatement of appeal rights and discretionary review."[1]  In his motion, he seeks what is in effect post-conviction habeas relief, alleging actual innocence, ineffective assistance of counsel, and complaints about the trial court.  He asks that we review his case, reinstate his appeal rights, and order a discretionary review.

An intermediate court of appeals has no jurisdiction over post-conviction writs of habeas corpus in felony cases.  *See Ex parte Martinez,* 175 S.W.3d 510, 512-13 (Tex.

---

[1] The motion lacks proof of service.  A copy of all documents presented to the Court must be served *on all parties* (*i.e.*, the district attorney) and must contain proof of service.  TEX. R. APP. P. 9.5, 52.2.  To expedite this matter, we implement Rule of Appellate Procedure 2 to suspend these requirements.  *Id.* 2.

App.—Texarkana 2005, orig. proceeding) (citing TEX. CODE CRIM. PROC. ANN. art. 11.07(3)(a), (b) (Vernon 2005)); *Self v. State*, 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.) (same). The Court of Criminal Appeals and this court have recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [article] 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *see Ex parte Mendenhall*, 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.). Furthermore, the courts of appeals do not have original habeas corpus jurisdiction in criminal law matters. *Ex parte Hearon*, 3 S.W.3d 650 (Tex. App.—Waco 1999, orig. proceeding) (citing *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.); and *Sanders v. State*, 771 S.W.2d 645, 650 (Tex. App.— El Paso 1989, pet. ref'd)); *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding).

Because we have no jurisdiction over what is in effect a post-conviction habeas corpus proceeding in a felony case, we dismiss Nelson's motion.

REX D. DAVIS
Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Dismissed
Opinion delivered and filed August 7, 2014
Do not publish
[OT06]