

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-14-00356-CR**

**EX PARTE CRAIG MACK**

_____

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2013-2073-C2 & 2013-2331-C2**

## MEMORANDUM OPINION

Craig Mack has filed a "motion for self-representation" and supporting affidavit that seeks what is in effect post-conviction habeas relief.[1] He alleges ineffective assistance of counsel in connection with his felony plea bargain and denial of his alleged attempts to represent himself. Among other things, he seeks a right to appeal.

An intermediate court of appeals has no jurisdiction over a post-conviction application for writ of habeas corpus in a felony case. *See Ex parte Martinez*, 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding) (citing TEX. CODE CRIM. PROC. ANN. art. 11.07(3)(a), (b)); *Self v. State*, 122 S.W.3d 294, 294-95 (Tex. App.—

---

[1] The motion lacks proof of service. A copy of all documents presented to the Court must be served *on all parties* (*i.e.*, the district attorney) and must contain proof of service. TEX. R. APP. P. 9.5, 52.2. To expedite this matter, we implement Rule of Appellate Procedure 2 to suspend these requirements. *Id.* 2.

Eastland 2003, no pet.) (same). The Court of Criminal Appeals and this court have recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [article] 11.07." *Olivo v. State,* 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *see Ex parte Mendenhall,* 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.). Furthermore, the courts of appeals do not have original habeas corpus jurisdiction in criminal law matters. *Ex parte Hearon*, 3 S.W.3d 650 (Tex. App.—Waco 1999, orig. proceeding) (citing *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.); and *Sanders v. State*, 771 S.W.2d 645, 650 (Tex. App.—El Paso 1989, pet. ref'd)); *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding).

Because we have no jurisdiction over what is in effect a post-conviction habeas corpus proceeding in a felony case, we dismiss Mack's motion.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Dismissed
Opinion delivered and filed December 11, 2014
Do not publish
[OT06]