

IN THE
TENTH COURT OF APPEALS

———————————

No. 10-15-00174-CR

IN RE TERRY LEE NELSON

———————————

Original Proceeding

———————————

From the 13th District Court
Navarro County, Texas
Trial Court No. 32,660-CR

MEMORANDUM  OPINION

Terry Lee Nelson has filed a petition for writ of mandamus[1] that seeks post-

conviction habeas relief.  Nelson requests us to order the convicting trial court to reverse

his felony conviction for sexual assault on the ground of actual innocence.

An intermediate court of appeals has no jurisdiction over post-conviction writs of

---

[1] The petition has several procedural deficiencies.  It lacks proof of service; a copy of all documents presented to this Court must be served *on all parties* (*i.e.*, the district attorney, as real party in interest, and the trial court, as respondent) and must contain proof of service.  TEX. R. APP. P. 9.5, 52.2.  It lacks an appendix and a record.  *Id.* 52.3(k), 52.7.  And it does not include the certification required by Rule 52.3(j). *Id.* 52.3(j).  To expedite this matter, we implement Rule of Appellate Procedure 2 to suspend these requirements.  *Id.* 2.

habeas corpus in felony cases. *See Ex parte Martinez,* 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding) (citing TEX. CODE CRIM. PROC. ANN. art. 11.07(3)(a), (b) (West 2005)); *Self v. State,* 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.) (same). The Court of Criminal Appeals and this court have recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [article] 11.07." *Olivo v. State,* 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *see Ex parte Mendenhall,* 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.). Furthermore, intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal-law matters. *Ex parte Hearon*, 3 S.W.3d 650 (Tex. App.—Waco 1999, orig. proceeding).

Because we have no jurisdiction over a post-conviction habeas corpus proceeding in a felony case, we dismiss Nelson's petition for lack of jurisdiction.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Dismissed
Opinion delivered and filed May 28, 2015
Do not publish
[OT06]

