

**IN THE**
**TENTH COURT OF APPEALS**

───────────

**No. 10-15-00224-CR**

**IN RE TRACY HICKS**

───────────

**Original Proceeding**

---

**MEMORANDUM OPINION**

---

In his pro-se petition for writ of mandamus, relator Tracy Hicks asserts five issues

relating to his 1993 guilty plea and conviction for sexual assault of a child under 17. Hicks

has presented a sparse record that lacks any documents from the trial-court record,[1] but

from a TDCJ-ID record that he has included, it appears that he received and has been

serving a forty-year sentence.

Issues two through five request post-conviction habeas relief.[2] An intermediate

---

[1] Hicks asserts that he has requested but has not been provided with trial-court records, but he is not entitled—either as a matter of equal protection or due process—to a free copy of the trial record for use in pursuing post-conviction habeas corpus relief. *United States v. MacCollom*, 426 U.S. 317, 323-26, 96 S.Ct. 2086, 2090-92, 48 L.Ed.2d 666 (1976); *In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig. proceeding); *Escobar v. State*, 880 S.W.2d 782, 783 (Tex. App.–Houston [1st Dist.] 1993, order).

[2] Hicks alleges that he pled guilty to one count in a three-count indictment. Issue two asserts that the trial court in Hicks's criminal trial failed to make the State elect which charge it was proceeding on. Issue three asserts that the trial court failed to admonish him on the correct range of punishment for each count in the indictment. Issue four alleges that his sentence was improperly enhanced by a prior conviction, and issue five asserts a double-jeopardy violation.

court of appeals has no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See Ex parte Martinez,* 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding) (citing TEX. CODE CRIM. PROC. ANN. art. 11.07(3)(a), (b) (West 2005)); *Self v. State,* 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.) (same). The Court of Criminal Appeals and this court have recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [article] 11.07." *Olivo v. State,* 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *see Ex parte Mendenhall,* 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.). Furthermore, intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal-law matters. *Ex parte Hearon*, 3 S.W.3d 650 (Tex. App.—Waco 1999, orig. proceeding). Because we have no jurisdiction over a post-conviction habeas corpus proceeding in a felony case, we dismiss issues two through five for lack of jurisdiction.

In his first issue, Hicks seeks mandamus relief on the ground that the trial court has allegedly refused to rule on his motion for speedy trial on the two allegedly unadjudicated counts (two other sexual offenses against the same victim) in the 1993 indictment. *See, e.g., Chapman v. Evans,* 744 S.W.2d 133 (Tex. Crim. App. 1988) (orig. proceeding). Hicks bears the burden of providing a sufficient record to establish his right to mandamus relief. *See In re Mullins,* 10-09-00143-CV, 2009 WL 2959716, at *1, n.1 (Tex. App.—Waco Sept. 16, 2009, orig. proceeding) (mem. op.); *In re Blakeney,* 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). Except for TDCJ-ID records, Hicks's record in this original proceeding primarily consists only of his pro-se pleadings in the

trial court.[3] He has not provided any of the trial-court records (*e.g.*, the indictment, guilty-plea records, and judgment of conviction) that would pertain to his request for mandamus relief on the alleged twenty-two-year-old unadjudicated charges on which he seeks a speedy trial. With no evidence thereof, Hicks has not met his burden of providing a sufficient record to establish his right to mandamus relief. Accordingly, we deny mandamus relief on issue one.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Denied in part and dismissed in part
Opinion delivered and filed July 23, 2015
Do not publish
[OT06]



---

[3] Hicks further alleges that the alleged unadjudicated charges operate as a detainer that is causing him consequences in prison, but one of the TDCJ-ID records that he has included indicates that there are no detainers on file against him.