

IN THE
TENTH COURT OF APPEALS

————————

No. 10-15-00287-CR

IN RE BRIAN DAMON WARD

————————

Original Proceeding

————————

From the 85th District Court
Brazos County, Texas
Trial Court No. 06-02558-CRF-85

## MEMORANDUM OPINION

In this original proceeding, Brian Ward has filed a pro se petition for writ of

mandamus,[1] but the petition in fact seeks post-conviction habeas relief on the conviction

---

[1] The petition has numerous procedural deficiencies. It lacks proof of service; a copy of all documents presented to this Court must be served *on all parties* (*i.e.*, the district attorney, as real party in interest, and the trial court, as respondent, among others that Ward has listed) and must contain proof of service. TEX. R. APP. P. 9.5, 52.2. It lacks an appendix and a record. *Id.* 52.3(k), 52.7. And it does not include the certification required by Rule 52.3(j). *Id.* 52.3(j). To expedite this matter, we implement Rule of Appellate Procedure 2 to suspend these requirements. *Id.* 2.

for which he is currently imprisoned.[2] Ward's complaints, most of which are unintelligible, center around alleged fraud or tampering with the weight of the cocaine and around his sentence, which he appears to assert is excessive based on the allegedly fraudulent weight. He appears to request us to vacate and set aside the weight of the cocaine and his sentence because of the allegedly fraudulent weight.

An intermediate court of appeals has no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See Ex parte Martinez,* 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding) (citing TEX. CODE CRIM. PROC. ANN. art. 11.07(3)(a), (b) (West 2005)); *Self v. State,* 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.) (same). The Court of Criminal Appeals and this court have recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [article] 11.07." *Olivo v. State,* 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *see Ex parte Mendenhall,* 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.); TEX. CODE CRIM. PROC. ANN. art. 11.07(3)(b) ("An application for writ of habeas corpus filed after final conviction in a felony case, other than a case in which the death penalty is imposed, must be filed with the clerk of the court in which the conviction being challenged was obtained, and the clerk shall assign the application to that court. When the application is received by that court, a writ of habeas corpus, returnable to the Court of Criminal Appeals, shall issue by operation of law."). Furthermore, intermediate courts of appeals do not have original habeas corpus jurisdiction in criminal-law matters. *Ex*

---

[2] In 2008, we affirmed Ward's conviction for possession with the intent to deliver cocaine, enhanced, and for which he was sentenced to 19 years in prison. *Ward v. State,* No. 10-07-00146-CR, 2008 WL 90448 (Tex. App.—Waco Jan. 9, 2008, no pet.).

*parte Hearon*, 3 S.W.3d 650 (Tex. App.—Waco 1999, orig. proceeding).

Because we have no jurisdiction over a post-conviction habeas corpus proceeding in a felony case, we dismiss Ward's petition for lack of jurisdiction.


                                        REX D. DAVIS
                                        Justice

Before Chief Justice Gray,
          Justice Davis, and
          Justice Scoggins
Dismissed
Opinion delivered and filed September 10, 2015
Do not publish
[OT06]

