

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-16-00139-CR**
**No. 10-16-00140-CR**
**No. 10-16-00141-CR**
**No. 10-16-00142-CR**
**No. 10-16-00143-CR**

**IN RE TROY DANIEL THOELE**

_____

**Original Proceeding**

---

## MEMORANDUM  OPINION

---

On May 4, 2016**,** Troy Daniel Thoele filed a document in this Court titled "On Application for Writ of Habeas Corpus from final conviction from the 272nd Judicial District Court of Brazos County, Texas." In the application, Thoele requests this Court to, "issue a Writ of Prohibition or injunction prohibiting [Respondent] from asking for, or accepting assistance from the Texas Attorney General's Office, or any under the employ from involvement in Relator's Application for Writ of Habeas Corpus."

We will issue a writ of prohibition only to protect our jurisdiction. _In re Simmonds_,

271 S.W.3d 874, 878 (Tex. App.-Waco 2008, no pet.). Its use is limited to cases in which we have actual jurisdiction of a pending proceeding. *Id*. Thoele has not identified a pending proceeding over which this court has jurisdiction and by which this court might have jurisdiction to issue a writ of prohibition to prohibit a future act by Respondent. Thus, we have no pending jurisdiction to protect or preserve by way of a writ of prohibition, and we lack jurisdiction to issue a writ of prohibition.

It appears that Thoele has a writ of habeas corpus pending in the Court of Criminal Appeals pursuant to Texas Code of Criminal Procedure 11.07. *See* TEX. CODE CRIM. PRO. ANN. art. 11.07 § 3 (a) (b) (West 2015). An intermediate court of appeals has no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See Ex parte Martinez*, 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding); *Self v. State*, 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.) The Court of Criminal Appeals and this court have recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [article] 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *see Ex parte Mendenhall*, 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.)*.*

Because we have nothing pending in this Court, we have no jurisdiction to issue a writ of prohibition, and we have no jurisdiction over a post-conviction habeas corpus proceeding in a felony case, we dismiss Thoele's petition for lack of jurisdiction.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Dismissed
Opinion delivered and filed June 9, 2016
Do not publish
[OT06]

