

# IN THE
# TENTH COURT OF APPEALS

## No. 10-20-00117-CR

## IN RE WILLIAM CHARLES WEBB

## Original Proceeding

## MEMORANDUM OPINION

William Charles Webb has filed a petition for writ of mandamus in which he argues that his sentence is illegal and seeks an order requiring the trial court correct it.

The Court of Criminal Appeals and this Court have recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [Code of Criminal Procedure article] 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *see* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Ex parte Mendenhall*, 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.). Moreover, only the Court of Criminal Appeals has jurisdiction to grant post-conviction habeas corpus in

felony cases. *See Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). We are therefore without jurisdiction to consider Webb's petition for writ of mandamus.

Accordingly, Webb's petition is dismissed for want of jurisdiction.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Petition dismissed
Opinion delivered and filed April 8, 2020
[OT06]

