

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00252-CR

## EX PARTE RUSSELL OLIN BEARD

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2010-513-C2**

## O P I N I O N

On July 17, 2015**,** Russell Olin Beard filed an application for writ of habeas corpus in this Court pursuant to Texas Code of Criminal Procedure 11.07 requesting this Court to "supply him with copies of all documents, records, and transcripts" from his trial court cause number.  This Court issued an opinion affirming Beard's conviction for the offense of sexual assault of a child on February 29, 2012.

Article 11.07 of the Texas Code of Criminal Procedure provides:

> Sec. 3. (a) After final conviction in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas.

> (b) An application for writ of habeas corpus filed after final conviction in a felony case, other than a case in which the death penalty is imposed, must be filed with the clerk of the court in which the conviction

being challenged was obtained, and the clerk shall assign the application to that court. When the application is received by that court, a writ of habeas corpus, returnable to the Court of Criminal Appeals, shall issue by operation of law. …

TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3 (a) (b) (West 2015). An intermediate court of appeals has no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See Ex parte Martinez,* 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding); *Self v. State,* 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.) The Court of Criminal Appeals and this court have recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [article] 11.07." *Olivo v. State,* 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *see Ex parte Mendenhall,* 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.).

Moreover, Beard is not entitled—either as a matter of equal protection or due process—to a free copy of the trial record for use in pursuing post-conviction habeas corpus relief. *United States v. MacCollom,* 426 U.S. 317, 323-26, 96 S.Ct. 2086, 2090-92, 48 L.Ed.2d 666 (1976); *In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig. proceeding); *Escobar v. State,* 880 S.W.2d 782, 783 (Tex. App.–Houston [1st Dist.] 1993, order).

Because we have no jurisdiction over a post-conviction habeas corpus proceeding in a felony case, we dismiss Beard's petition for lack of jurisdiction.

AL SCOGGINS
Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Dismissed
Opinion delivered and filed August 13, 2015
Publish
[OT06]

