

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00155-CR

## EX PARTE BOBBY WALLER

**From the 52nd District Court
Coryell County, Texas
Trial Court No. 9987**

## MEMORANDUM  OPINION

On May 6, 2016, appellant, Bobby Joe Waller, filed an application for writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure.[1]  In his petition, appellant argues that his guilty plea in a 1982 case was not voluntary.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015).

Article 11.07 of the Texas Code of Criminal Procedure provides:

---

[1] We have previously affirmed appellant's conviction for failing to register as a sex offender.  *See generally Waller v. State*, No. 10-12-00089-CR, 2013 Tex. App. LEXIS 8909 (Tex. App.—Waco July 18, 2013, no pet.) (mem. op., not designated for publication).  Additionally, we have dismissed for lack of jurisdiction appellant's prior application for writ of habeas corpus, which also complained about appellant's 1982 conviction.  *See generally Ex parte Waller*, No. 10-13-00329-CR, 2013 Tex. App. LEXIS 12977 (Tex. App.—Waco Oct. 17, 2013, no pet.) (mem. op., not designated for publication).

Sec. 3. (a) After final conviction in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas.

(b) An application for writ of habeas corpus filed after final conviction in a felony case, other than a case in which the death penalty is imposed, must be filed with the clerk of the court in which the conviction being challenged was obtained, and the clerk shall assign the application to that court. When the application is received by that court, a writ of habeas corpus, returnable to the Court of Criminal Appeals, shall issue by operation of law . . . .

*Id.* art. 11.07, § 3(a)-(b). An intermediate court of appeals has no jurisdiction over post-conviction applications for writ of habeas corpus in felony cases. *See Ex parte Martinez*, 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding); *Self v. State*, 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.); *see also Ex parte Beard*, No. 10-15-00252-CR, 2015 Tex. App. LEXIS 8522, at *2 (Tex. App.—Waco Aug. 13, 2015, no pet.). The Court of Criminal Appeals and this court have recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [article] 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *see Ex parte Mendenhall*, 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.); *see also Ex parte Beard*, 2015 Tex. App. LEXIS 8522, at *2.

Because we have no jurisdiction over a post-conviction application for writ of habeas corpus in a felony case, we dismiss appellant's application for lack of jurisdiction.[2] *See, e.g., Ex parte Beard*, 2015 Tex. App. LEXIS 8522, at *2.

---

[2] Appellant's application for writ of habeas corpus does not contain proof of service. We note that a copy of all documents presented to the Court must be served on all parties to the appeal and must contain proof of service. TEX. R. APP. P. 9.5. Proof of service may be in the form of either an acknowledgement of

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Dismissed
Opinion delivered and filed June 2, 2016
Do not publish
[CR25]



---

service by the person served or a certificate of service. *Id.* at R. 9.5(d). To expedite this matter, we implement Texas Rule of Appellate Procedure 2 and suspend the proof-of-service requirement of rule 9.5 for this filing only. *Id.* at R. 2. All future filings must comply with rule 9.5. A failure to comply with rule 9.5 may result in future filings being struck.