

# IN THE
# TENTH COURT OF APPEALS

No. 10-16-00438-CR
No. 10-16-00439-CR
No. 10-16-00440-CR

## EX PARTE LOWELL QUINCY GREEN

**From the 54th District Court
McLennan County, Texas
Trial Court Nos. 2012-709-C2, 2012-790-C2, 2012-791-C2**

## MEMORANDUM OPINION

On December 22, 2016, Lowell Quincy Green filed a "Motion for Writ of Error," wherein Green requests that this Court reverse his convictions in trial court cause numbers 2012-709-C2, 2012-790-C2, and 2012-791-C2 and order acquittals "as justice so demands."[1] In his filing, Green asserts that: (1) his convictions for aggravated robbery

---

[1] Specifically, Green references all three of his trial-court convictions and notes the following:

Appellant contends as a matter of law and justice demands that this Honorable Court revese [sic] these judgment's [sic] and order an acquittal as justice so demands.

Appellant contends that he is confined "unlawfully" in Texas State Prison H.H. Coffield Unit, 2661 FM 2054, Tennesse [sic] Colony, Texas 75884.

are not authorized because the jury did not make an affirmative finding of a deadly weapon; (2) he received ineffective assistance of counsel for the failure to object to the unauthorized verdicts; and (3) article 42.12, section 3(g)(a)(2) of the Code of Criminal Procedure and section 508.145(d)(1) of the Government Code were incorrectly applied to him. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3(g)(a)(2) (West Supp. 2016); *see also* TEX. GOV'T CODE ANN. § 508.145(d)(1) (West 2012).

In 2014, the San Antonio Court of Appeals affirmed Green's convictions in these matters. *See generally Green v. State*, No. 04-13-00456-CR, 2014 Tex. App. LEXIS 1753 (Tex. App.—San Antonio Feb. 19, 2014, pet. ref'd) (mem. op., not designated for publication).[2] Furthermore, Green's petition for discretionary review was refused by the Court of Criminal Appeals. *See, e.g., Green v. Johnson*, No. 10-16-00409-CV, 2016 Tex. App. LEXIS 13541, at *1 (Tex. App.—Waco Dec. 21, 2016, no pet. h.) (mem. op.).

The Court of Criminal Appeals and this Court have recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [article] 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex.

---

Honorable Judge Matt Johnson committed judicial error's [sic] and has refused to order appellant released from "unlawfully" [sic] restraint of liberty.

Because Green argues that he should be released from confinement, we construe his "Motion for Writ of Error" as attacking the judgments in all three of his trial-court convictions. Accordingly, we have assigned an appellate cause number to correspond with each trial court cause number.

[2] The Texas Supreme Court transferred Green's criminal case from this Court to the Fourth Court of Appeals pursuant to its docket-equalization powers. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013) ("The supreme court may order cases transferred from one court of appeals to another at any time that, in the opinion of the supreme court, there is good cause for the transfer.").

Crim. App. 1996); *see* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Ex parte Mendenhall*, 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.); *see also Ex parte Beard*, No. 10-15-00252-CR, 2015 Tex. App. LEXIS 8522, at *2 (Tex. App.—Waco Aug. 13, 2015, orig. proceeding). Moreover, only the Court of Criminal Appeals has jurisdiction over post-conviction writs of habeas corpus in felony cases. *See Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also Ex parte Beard*, 2015 Tex. App. LEXIS 8522, at **1-2.

Because we have no jurisdiction over post-conviction habeas-corpus proceedings in felony cases, we dismiss Green's "Motion for Writ of Error" in appellate cause numbers 10-16-00438-CR, 10-16-00439-CR, and 10-16-00440-CR. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Olivo*, 918 S.W.2d at 525 n.8; *Ex parte Mendenhall*, 209 S.W.3d at 261; *see also Ex parte Beard*, 2015 Tex. App. LEXIS 8522, at **1-2.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Dismissed
Opinion delivered and filed January 11, 2017
Do not publish
[CRPM]

