

**IN THE**
**TENTH COURT OF APPEALS**

No. 10-20-00275-CR

**EX PARTE CARLTON EUGENE BRANTNER**

**Original Proceeding**

**MEMORANDUM OPINION**

Carlton Eugene Brantner has filed in this Court what he has labeled as a "Motion for Appointment of New Counsel on Appeal."[1] However, in reviewing the substance of his filing, Brantner uses this motion to collaterally attack his underlying plea-bargained judgment of conviction for continuous sexual abuse of a young child. *See generally Brantner v. State*, No. 10-15-00183-CR, 2015 Tex. App. LEXIS 5961 (Tex. App.—Waco June 11, 2015, no pet.) (mem. op., not designated for publication).[2] In other words, Brantner's

---

[1] There are procedural problems with Brantner's filing, but we use Texas Rule of Appellate Procedure 2 to look beyond those problems and dismiss the petition. *See* TEX. R. APP. P. 2.

[2] This Court dismissed Brantner's initial appeal in this matter because his notice of appeal was untimely, and because the certification of Brantner's right to appeal indicated that he waived his right to

filing is in the nature of an application for writ of habeas corpus alleging an ineffective-assistance-of-counsel claim.

The Court of Criminal Appeals and this Court have recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [article] 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *see* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Ex parte Beard*, 494 S.W.3d 315, 316 (Tex. App.—Waco 2015, no pet.); *Ex parte Mendenhall*, 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.). Moreover, only the Court of Criminal Appeals has jurisdiction over post-conviction writs of habeas corpus in felony cases. *See Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also Ex parte Beard*, 494 S.W.3d at 315.

Because we have no jurisdiction over post-conviction habeas-corpus proceedings in felony cases, we dismiss Brantner's "Motion for Appointment of New Counsel on Appeal."[3] *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *see also Olivo*, 918 S.W.2d at 525 n.8; *Ex parte Beard*, 494 S.W.3d at 315-16; *Ex parte Mendenhall*, 209 S.W.3d at 261.

---

appeal and that this was a plea-bargain case for which Brantner has no right of appeal. *See Brantner v. State*, No. 10-15-00183-CR, 2015 Tex. App. LEXIS 5961, at *1 (Tex. App.—Waco June 11, 2015, no pet.) (mem. op., not designated for publication).

[3] We also recognize that Brantner has requested in his prayer that we "reset appellate time limits," appoint him new counsel, reverse his conviction, and remand this cause to the trial court for a new evidentiary hearing. The latter two requests relate to what we have construed as Brantner's application for writ of habeas corpus. To the extent that Brantner's request that we "reset appellate time limits" constitutes

JOHN E. NEILL
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Dismissed
Opinion delivered and filed October 28, 2020
Do not publish
[OT06]



---

a request for an out-of-time appeal, we note that only the Court of Criminal Appeals has the authority to grant an out-of-time appeal. *See Parr v. State*, 206 S.W.3d 143, 144-45 (Tex. App.—Waco 2006, no pet.). Therefore, we lack jurisdiction over that request as well. *See id.* And with respect to Brantner's request for the appointment of new counsel, we further note that the appointment of counsel to an indigent defendant is under the sole authority of the trial court. *See Enriquez v. State*, 999 S.W.2d 906, 907-08 (Tex. App.—Waco 1999, order); TEX. CODE CRIM. PROC. ANN. art. 26.04(a).