

# NUMBER 13-22-00264-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE REGINALD ANDRE CALLIS

### On appeal from the 24th District Court
### of Jackson County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Silva**

Appellant Reginald Andre Callis attempted to perfect an appeal from a May 12,

2022 order denying his post-conviction[1] writ of habeas corpus application pursuant to

---

[1] On May 15, 2008, appellant was convicted of possession with intent to deliver cocaine, a first-degree felony, in trial court cause number 08-3-7806. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112. We take judicial notice that this Court has since issued several memorandum opinions relating to trial court cause number 08-3-7806. *See In re Callis*, No. 13-22-00285-CR, 2022 WL 2309123, at *1 (Tex. App.—Corpus Christi–Edinburg June 27, 2022, orig. proceeding) (mem. op., not designated for publication); *In re Callis*, No. 13-22-00255-CR, 2022 WL 1916692, at *1 (Tex. App.—Corpus Christi–Edinburg June 3, 2022, orig. proceeding) (mem. op., not designated for publication); *Callis v. State*, No. 13-19-00408-CR, 2019 WL 4546530, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 19, 2019, no pet.) (mem. op., not designated for publication); *In re Callis*, Nos. 13-17-00145-CR & 13-17-00146-CR, 2017 WL 1089682, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 17, 2017, orig. proceeding) (mem. op., not designated for publication);

article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 11.07, § 3(a). We dismiss the appeal for want of jurisdiction.

Intermediate appellate courts have no jurisdiction to review a trial court's denial of a post-conviction writ of habeas corpus application in a felony criminal matter. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *Ex parte Beard*, 494 S.W.3d 315 (Tex. App.—Waco 2015, no pet.); *see also Ex parte Russell*, No. 13-21-00096-CR, 2021 WL 2966205, at *1 (Tex. App.—Corpus Christi–Edinburg July 15, 2021, no pet.) (mem. op., not designated for publication). Jurisdiction to grant post-conviction habeas corpus relief in felony cases rests exclusively with the Texas Court of Criminal Appeals. *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 118 (Tex. Crim. App. 2013) (per curiam); *Olivo v. State*, 918 S.W.2d 519, 525 n. 8 (Tex. Crim. App. 1996); *see* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5; *see also Ex parte Chavez*, No. 13-16-00331-CR, 2016 WL 4040252, at *2 (Tex. App.—Corpus Christi–Edinburg July 28, 2016, no pet.) (mem. op., not designated for publication) ("Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court.").

On July 5, 2022, the Clerk of this Court notified appellant that it appeared that the order from which the appeal was taken is not an appealable order and requested correction of this defect. *See* TEX. R. APP. P. 25.2, 37.1. Appellant was advised that the

---

*In re Callis*, Nos. 13-11-00121-CR & 13-11-00122-CR, 2011 WL 1877673, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 14, 2011, orig. proceeding) (per curiam) (mem. op., not designated for publication); *Callis v. State*, No. 13-08-00387-CR (Tex. App.—Corpus Christi–Edinburg Oct. 16, 2008, no pet.) (per curiam) (mem. op., not designated for publication), *available at* https://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=4fc4e5f9-66a5-406f-9876-bba7cd56db05&coa=coa13&DT=Opinion&MediaID=f9a42b69-46de-4a0e-baff-7322a5afc220.

appeal would be dismissed if the defect was not corrected within thirty days from the date of receipt of the Court's directive. *See id.* Although appellant timely filed a response, appellant was unable to remedy the defect.

Having examined and fully considered the documents on file, this Court is of the opinion that we lack jurisdiction to consider this appeal of the trial court's order denying appellant's writ application seeking post-conviction relief. *See Padieu*, 392 S.W.3d at 118; *see also Ex parte Chavez*, 2016 WL 4040252, at *2. Accordingly, we dismiss appellant's appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). All pending motions are dismissed as moot.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
28th day of July, 2022.