

# NUMBER 13-22-00264-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE REGINALD ANDRE CALLIS

On appeal from the 24th District Court
of Jackson County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva**
**Memorandum Opinion by Justice Silva**

Proceeding pro se, appellant Reginald Andre Callis attempted to perfect an appeal

from a May 12, 2022 order denying his post-conviction writ of habeas corpus application

pursuant to the Texas Code of Criminal Procedure.[1]  We dismiss for want of jurisdiction.[2]

"The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty." TEX. CODE CRIM. PROC. ANN. art. 11.01. Article 11.07 establishes "the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death." *Id.* art. 11.07, § 1. "[A] person who files a habeas-corpus application for relief from a final felony conviction must challenge either the fact or length of confinement." *Ex parte Shay*, 507 S.W.3d 731, 733 (Tex. Crim. App. 2016) (quoting *Ex parte Harrington*, 310 S.W.3d 452, 456 (Tex. Crim. App. 2010)); *see* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(c) ("Confinement means confinement for any offense or any collateral consequence resulting from the conviction that is the basis of the instant habeas corpus."). Jurisdiction to grant post-conviction

---

[1] On May 15, 2008, appellant was convicted of possession with intent to deliver cocaine, a first-degree felony, in trial court cause number 08-3-7806. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112. Appellant was sentenced in trial court cause number 08-3-7806 to thirty years' imprisonment, which was ordered to run consecutive to a sentence imposed in trial court cause number 08-4-7851. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(19). We take judicial notice that this Court has since issued several memorandum opinions relating to trial court cause number 08-3-7806. *See In re Callis*, No. 13-22-00285-CR, 2022 WL 2309123, at *1 (Tex. App.—Corpus Christi–Edinburg June 27, 2022, orig. proceeding) (mem. op., not designated for publication); *In re Callis*, No. 13-22-00255-CR, 2022 WL 1916692, at *1 (Tex. App.—Corpus Christi–Edinburg June 3, 2022, orig. proceeding) (mem. op., not designated for publication); *Callis v. State*, No. 13-19-00408-CR, 2019 WL 4546530, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 19, 2019, no pet.) (mem. op., not designated for publication); *In re Callis*, Nos. 13-17-00145-CR & 13-17-00146-CR, 2017 WL 1089682, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 17, 2017, orig. proceeding) (mem. op., not designated for publication); *In re Callis*, Nos. 13-11-00121-CR & 13-11-00122-CR, 2011 WL 1877673, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 14, 2011, orig. proceeding) (per curiam) (mem. op., not designated for publication); *Callis v. State*, No. 13-08-00387-CR (Tex. App.—Corpus Christi–Edinburg Oct. 16, 2008, no pet.) (per curiam) (mem. op., not designated for publication), *available at* https://search.txcourts.gov/SearchMedia.aspx?MediaVersionID=4fc4e5f9-66a5-406f-9876-bba7cd56db05&coa=coa13&DT=Opinion&MediaID=f9a42b69-46de-4a0e-baff-7322a5afc220.

[2] On July 28, 2022, this Court dismissed appellant's appeal for want of jurisdiction. Appellant has filed a combined motion for rehearing and en banc reconsideration. *See* TEX. R. APP. P. 49.1, 49.5. We deny appellant's motion for rehearing, dismiss appellant's motion for en banc reconsideration as moot, withdraw our previous memorandum opinion and judgment, and substitute this memorandum opinion and accompanying judgment.

habeas corpus relief in felony cases rests exclusively with the Texas Court of Criminal Appeals. *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 118 (Tex. Crim. App. 2013) (per curiam); *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *see* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3. Intermediate appellate courts have no jurisdiction to grant a post-conviction felony writ of habeas corpus application or review the denial of such application. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.05, 11.07; *Ex parte Beard*, 494 S.W.3d 315 (Tex. App.—Waco 2015, no pet.); *see also Ex parte Chavez*, No. 13-16-00331-CR, 2016 WL 4040252, at *2 (Tex. App.—Corpus Christi–Edinburg July 28, 2016, no pet.) (mem. op., not designated for publication) ("Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court.").

Appellant specifically claims habeas corpus relief under article 11.08 and disavows the applicability of article 11.07—the latter which, as noted above, controls the procedure for post-conviction habeas corpus relief from a felony judgment. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.07 (post-conviction felony writ), 11.08 (pre-trial felony writ); *Ward v. State*, No. AP-77,096, 2020 WL 3265251, at *1 (Tex. Crim. App. June 17, 2020) (per curiam) ("A defendant who has been confined after indictment for a felony offense—but not yet finally convicted—may file a writ of habeas corpus in the district court pursuant to Article 11.08."). Appellant additionally avers that because he is presently serving his sentence in trial court cause number 08-4-7851 and has not yet begun to serve his sentence in trial court cause number 08-3-7806, he is not currently "confined" for

3

purposes of article 11.07 applicability, and thus, jurisdiction would not be exclusive to the Texas Court of Criminal Appeals.[3]  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3.

We reject appellant's characterization of his post-conviction writ of habeas corpus application as anything but an application under article 11.07. *See Ex parte Shay*, 507 S.W.3d at 732; *Ex parte Williams*, 239 S.W.3d 859, 861–62 (Tex. App.—Austin 2007, no pet.) (rejecting appellant's argument that article 11.07 was inapplicable because he was still serving an initial sentence received in a cause other than the challenged convicted cause and dismissing for want of jurisdiction); *see also In re Tenberg*, No. 13-09-612-CR, 2010 WL 127555, at *3 (Tex. App.—Corpus Christi–Edinburg Jan. 14, 2010, orig. proceeding) (concluding realtor was not entitled to writ of mandamus concerning his cumulation sentencing challenge where "[t]he habeas corpus procedure set out in article 11.07 of the Texas Code of Criminal Procedure provides the exclusive remedy for felony post-conviction relief in state court"). In appellant's habeas corpus application and on appeal, appellant concedes he is currently incarcerated and seeking relief from his felony conviction in trial court cause number 08-3-7806. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07. This is enough to trigger article 11.07 applicability. *See Ex parte Shay*, 507 S.W.3d at 733. Thus, we are without jurisdiction. *See Padieu*, 392 S.W.3d at 118.

On July 5, 2022, the Clerk of this Court notified appellant that it appeared that the

---

[3] We take judicial notice that appellant has filed several article 11.07 writ of habeas corpus applications to the Texas Court of Criminal Appeals relating to trial court cause number 08-3-7806, and on May 5, 2013, the court of criminal appeals denied appellant's request for habeas corpus relief in appellate cause number WR-71, 240-04. Appellant's subsequent habeas corpus filings have been dismissed by the court of criminal appeals under article 11.07, § 4(a)–(c), which concerns the treatment of subsequent applications for writ of habeas corpus "filed after final disposition of an initial application challenging the same conviction." *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a)–(c).

4

order from which the appeal was taken is not an appealable order and requested correction of this defect. *See* TEX. R. APP. P. 25.2, 37.1. Appellant was advised that the appeal would be dismissed if the defect was not corrected within thirty days from the date of receipt of the Court's directive. *See id.* Although appellant timely filed a response, appellant was unable to remedy the defect.

Having examined and fully considered the documents on file, this Court is of the opinion that we lack jurisdiction to consider this appeal of the trial court's order denying appellant's writ application seeking post-conviction relief. *See Padieu*, 392 S.W.3d at 118; *see also Ex parte Chavez*, 2016 WL 4040252, at *2. Accordingly, we dismiss appellant's appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). All pending motions are dismissed as moot.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
1st day of September, 2022.

5